BONITA SKELTON, f.k.a. BONITA ORLANDO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Skelton v. Commissioner
Docket No. 22230-87.
United States Tax Court
T.C. Memo 1988-136; 1988 Tax Ct. Memo LEXIS 164; 55 T.C.M. (CCH) 513; T.C.M. (RIA) 88136; March 29, 1988. Harold D. Hines, for the petitioner. Donald E. Edwards, for the respondent. POWELL
POWELL, Special Trial Judge:[1] Respondent determined a deficiency of $ 1,948 in the 1983 Federal income tax liability of petitioner and her former husband Juan Orlando ("Juan"), along with additions to tax of $ 97.40 under section 6653(a)(1) [2] and 50 percent of the interest due on $ 1,948 under section 6653(a)(2). The sole issue for decision is whether petitioner is relieved of liability under the innocent spouse provision of section 6013(e). FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein. Petitioner resided *166 in Oklahoma City, Oklahoma, at the time she filed this petition. Petitioner and her former husband Juan filed a joint 1983 Federal income tax return on or about April 3, 1984. The return was prepared by Juan's brother, Jose Orlando ("Jose") and was signed by both petitioner and Juan. At the time he prepared the return, Jose was employed as a hotel desk clerk. Petitioner and Juan separated shortly after they filed their 1983 return, and she has subsequently obtained a divorce from him. In the notice of deficiency dated April 8, 1987, respondent disallowed deductions for a dependency exemption (claimed for Jose), moving expenses and various Schedule A contributions and expenses claimed by petitioner and Juan on their 1983 return. [3] Petitioner did not attempt to substantiate the expenses, and admits that many of the deductions were partially or wholly erroneous. She explains that she did not inquire into the correctness of the return because she trusted Jose. Petitioner, however, contends that she should be relieved of any income tax liability attributable to the disallowed deductions under the innocent spouse provision of section 6013(e). *167 OPINION When a joint return is filed, the parties generally are jointly and severally liable for the amount of tax due. Sec. 6013(d)(3). Section 6013(e), "the innocent spouse" provision, however, provides an exception. Section 6013(e), as amended by section 424(a) of the Tax Reform Act of 1984, Pub. L. 98-369, 98 Stat. 494, 801-802, provides in part: (e) Spouse Relieved of Liability in Certain Cases. -- (1) In General. -- Under regulations prescribed by the Secretary, if -- (A) a joint return has been made under this section for a taxable year, (B) on such return there is a substantial understatement of tax attributable to grossly erroneous items of one spouse, (C) the other spouse establishes that in signing the return he or she did not know, and had no reason to know, that there was such substantial understatement, and (D) taking into account all the facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such substantial understatement,
then the other spouse shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent *168 such liability is attributable to such substantial understatement. * * *
A substantial understatement of tax may be attributable to items omitted from gross income or to deductions claimed for which there is no basis in fact or law. Sec. 6013(e)(2). Petitioner has the burden of proving that she has satisfied all four statutory prerequisites of section 6013(e)(1). : Rule 142(a). By filing a joint return petitioner satisfied the first requirement of section 6013(e)(1). With regard to the requirement of section 6013(e)(1)(C), petitioner contends that in signing the return she did not know, and had no reason to know, that it contained a substantial understatement of tax. The facts clearly do not support petitioner's contention. In determining whether petitioner had reason to know of the grossly erroneous items relating to deductions claimed on her joint return, we apply the same tests used in innocent spouse cases where items of income were omitted from the return. The standard is "whether a reasonable person under the circumstances of the taxpayer at the time of signing the return could be expected *169 to know of the omission." , affg. a Memorandum Opinion of this Court. (Emphasis in the original.) During 1983 petitioner worked at a bank as an accounting clerk. She earned approximately one-half of the income reported on her 1983 joint return, and admittedly was aware of the state of the household's finances. After taking into account petitioner's involvement in the household's finances, her occupation and the simplicity of her joint return, it is evident that petitioner had reason to know of the grossly erroneous items claimed on the return. Petitioner, however, maintains that she was not aware of same because she did not review the return. Failure to review a tax return, however, standing alone, does not relieve a taxpayer of liability for any subsequent deficiency. . Based on the foregoing, we find that petitioner has not established that she did not know or had no reason to know of the substantial understatement of tax attributable to the grossly erroneous items. Accordingly, petitioner does not qualify as an innocent spouse and *170 is not relieved of the 1983 tax liability. Having found that petitioner failed to satisfy the requirement of section 6013(e)(1)(C), it is not necessary for us to determine whether she satisfied the conditions of section 6013(e)(1)(B) or (D). [4] Respondent's determination is sustained. [5]
Decision will be entered for the respondent.
Footnotes
1. This case was assigned pursuant to the provisions of section 7456(d) (redesignated as section 7443A by the Tax Reform Act of 1986, Pub. L. 99-514, section 1556, 100 Stat. 2755) and Rule 180 et seq. ↩
2. All statutory references are to the Internal Revenue Code of 1954, as amended, and as in effect during the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise provided. ↩
3. A notice of deficiency was sent to Juan, but he failed to file a petition. The deficiency has been assessed against him, but has yet to be collected. ↩
4. Petitioner maintains that she never received any of the 1983 refund, and therefore under section 6013(e)(1)(D) it is inequitable to hold her liable for the deficiency. However, we need not address this issue. ↩
5. Although petitioner may have incurred some deductible expenses, she has failed to provide any evidence on which we can make a reasonable estimate of the amount of such deductions. See . ↩